UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KENNETH D. SCHWARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-00056-JRG-CHS |
| | ) | |
| MR. KORN, MS. BELL, CORE CIVIC AMERICA, and WARDEN SEXTON | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. On February 28, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis* [Doc. 4]. This matter is now before the Court for screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this matter will proceed only against Defendant Core Civic America for Plaintiff's claims that this Defendant has violated his rights to free exercise of his religion under the First Amendment and to equal protection under the Fourteenth Amendment. All other claims and Defendants will be **DISMISSED**.

**I. SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a federal right. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

On June 22, 2018, Plaintiff requested a kosher diet and he began to receive that diet approximately thirty days later [Doc. 1 p. 3-4]. The kosher diet food that Plaintiff receives does not meet the requirements of kosher law, however, as kitchen staff mix the meat and dairy products together and do not carefully prepare kosher meals in a designated area away from non-kosher kitchen items in violation of kosher laws [*Id*. at 4]. On multiple occasions, Plaintiff has only received one or two meals per day and has had to go hungry [*Id.*].

Plaintiff spoke to the chaplain about these issues and the chaplain has done all that he can to resolve them, but the jail administrators do not correct the problems and have not responded to

Plaintiff's grievances [*Id.*]. Plaintiff states that he is "not able to be treated to the same extent as other prisoners and not being able to abide by [his] religion is a sin, and this type of behavior is not [sic] contrary of our beliefs as well as forbidden" [*Id.*].

Plaintiff also states that he made the head of Core Civic America and Warden Sexton aware of the situation [*Id.*]. As relief, Plaintiff requests three hot meals per day, to be treated the same as other inmates, to have his meals prepared according to kosher law, "to always be able to abide by [his] faith and religion and not deprived," and monetary damages [*Id.* at 5].

### III. LEGAL ANALYSIS

First, Plaintiff's complaint sets forth no factual allegations as to Defendant Assistant Bell. As such, the Court cannot plausibly infer that Defendant Assistant was personally involved in any alleged violation of Plaintiff's constitutional rights and the complaint fails to state a claim upon which relief may be granted as to her. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Plaintiff likewise makes no factual allegations as to Defendant Trinity Food Administrator Korn, and Plaintiff's only allegation as to Defendant Warden Sexton is that he is aware of the kosher diet food situation. As such, it appears that Plaintiff seeks to hold these Defendants liable for the allegations set forth in the complaint based on their ability to control employees under a theory of *respondeat superior* which is not cognizable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "[§] 1983 will not support a

claim based on a *respondeat superior* theory of liability). Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to these Defendants.

As to Defendant Core Civic America, however, liberally construing the complaint in Plaintiff's favor, the Court can plausibly infer that Plaintiff has sincerely-held religious beliefs and that Defendant Core Civic America has (1) a custom or policy of not preparing kosher foods properly and (2) a custom or policy of not providing inmates who have a kosher diet the same number of meals as other inmates.[1] As such, the following claims will proceed:

1. Plaintiff's claim that Defendant Core Civic America has violated his right to free exercise of his religion in violation of the First Amendment through its custom or policy of not preparing kosher foods properly. *Barhite v. Caruso*, 377 Fed. App'x 508, 510–11 (6th Cir. 2010); and

2. Plaintiff's claim that Defendant Core Civic America has violated his right to equal protection under the Fourteenth Amendment through its custom or policy of not providing inmates who have a kosher diet the same number of meals as other inmates. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

## IV.  CONCLUSION

For the reasons set forth above;

1. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendants Assistant Bell, Trinity Food Administrator Korn, and Warden Sexton, and these Defendants are therefore **DISMISSED**;

2. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Core Civic America;

3. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within thirty (20) days of entry of this memorandum and order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

---

[1] To the extent that Plaintiff also sought to assert a claim under the Eighth Amendment based on his allegation that he has received one or two meals per day on multiple occasions, however, this is insufficient to state such a claim, as Plaintiff has not set forth any information from which the Court could plausibly infer that he is unable to sustain his health due to these incidents. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated).

4. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

5. Defendant Core Civic America shall answer or otherwise respond to the complaint within twenty-one (21) days from the date on which they are served;

6. If Defendant Core Civic America fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE